FILED

2020 DEC 17 PM 4:42

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-402T-60-JSS

CHRISTOPHER BUONOCORE

18 U.S.C. § 2261A(2)(B)

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, but at least as early as in or around February 2013, and continuing through at least in or around November 2018, in the Middle District of Florida and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 1, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 1.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

## COUNT TWO

From an unknown date, but at least as early as in or around August 2016, and continuing through at least August 2018, in the Middle District of Florida and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 2, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 2.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

## COUNT THREE

From an unknown date, but at least as early as in or around October 2016, and continuing through at least January 2017, in the Eastern District of New York and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 3, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other

facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 3.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

## COUNT FOUR

From an unknown date, but at least as early as in or around in or around 2013, and continuing through at least August 2019, in the Middle District of Florida and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 4, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 4.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

## COUNT FIVE

From an unknown date, but at least as early as in or around February 2018, and continuing through at least December 2018, in the Middle District of Florida and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 5, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 5.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

## COUNT SIX

From an unknown date, but at least as early as in or around April 2019, and continuing through at least July 27, 2019, in the Eastern District of New York and elsewhere, the defendant,

CHRISTOPHER BUONOCORE,

with the intent to harass and intimidate another person, that is, Victim 6, used the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce and any other facility of interstate and foreign commerce to engage in a course of conduct that caused and would reasonably expected to cause substantial emotional distress to a person, that is Victim 6.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Lisa M. Thelwell
Assistant United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney
Acting Chief, Special Victims Section