# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**          Case Number: 8:20-cr-402-TPB-JSS

**v.**                                USM Number: 25059-509

**CHRISTOPHER BUONOCORE**             Brian Bieber, ret.

## AMENDED JUDGMENT IN A CRIMINAL CASE*

Defendant pleaded guilty to Counts One, Two, Three, Four, Five, & Six of the Information. Defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | November 2018 | One |
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | August 2018 | Two |
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | January 2017 | Three |
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | August 2019 | Four |
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | December 2018 | Five |
| 18 U.S.C. §§ 2261A(2)(B) and 2261(b) | Cyberstalking | July 27, 2019 | Six |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

---

* Amended to reflect correct language as to mental health condition.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence: November 18, 2021

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Signed: December 16, 2021

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED and EIGHTY (180) MONTHS**. This term consists of a 30 Month term as to each of Counts One to Count Six, all to run consecutively to each other.

The Court makes the following recommendation to the Bureau of Prisons:

1. Confinement at Otisville FCI in New York.
2. Participate in the 500-hour Residential Drug Abuse Treatment Program (RDAP).

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Christopher Buonocore**
**8:20-cr-402-TPB-JSS**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a total term of **THREE (3) YEARS**. This term consists of a <u>3 Year</u> term as each count, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying

    the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so.  If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.

10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction.  The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Christopher Buonocore**
**8:20-cr-402-TPB-JSS**

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature: _____     Date: _____

### ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. The defendant shall have no direct contact, direct or indirect, with victims, including their immediate family members or employers, identified in Counts One through Six, (S.D., K.W., T.P., M.C., C.M., and A.C.)

3. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4. The Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without approval of the probation officer.

5. The Defendant shall have no access to or use of social media platforms, computers, the Internet, smartphones, or any device that can go on the Internet.

### CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $600.00 | $164,295.01 | Waived | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment:  Shall be paid in full and is due immediately.

Restitution:  Defendant shall pay restitution in the total amount of $164,295.01.  This amount includes $89,127.95 to M.C. and $75,167.06 to C.M. While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of his monthly earnings if he has a Unicor job.  Upon release from custody, defendant shall pay restitution at the rate of $100 per month.  At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.  The Court finds the Defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

In addition, if the defendant is in receipt of any stimulus checks of any kind while in federal prison, a hundred percent of that money must be turned over to victims to pay restitution.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19) Judgment in a Criminal Case