```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE MIDDLE DISTRICT OF FLORIDA
                              TAMPA DIVISION
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
           Plaintiff,         )
                              )
vs.                           )   Case No.:  8:20-CR-402
                              )
CHRISTOPHER BUONOCORE,        )
                              )
           Defendant.         )
_____)
```

**ZOOM VIDEOCONFERENCE**
**STATUS CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**

**January 10, 2022**
**2:57 p.m. to 3:07 p.m.**

**APPEARANCES:**

| | |
|---|---|
| **FOR THE PLAINTIFF:** **(Via Zoom)** | LISA M. THELWELL, ESQUIRE United States Department of Justice Office of the United States Attorney 400 North Tampa Street Suite 3200 Tampa, Florida 33602 |
| **FOR THE DEFENDANT:** **(Via Zoom)** | BRIAN H. BIEBER, ESQUIRE GrayRobinson, PA 333 Southeast 2nd Avenue Suite 3200 Miami, Florida 33131 |
| **ALSO PRESENT:** **(Via Zoom)** | CHRISTOPHER BUONOCORE, DEFENDANT ALEK UBIETA, LAW CLERK GRAY ROBINSON |

(Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.)

**REPORTED BY (VIA ZOOM):**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813 ) 317-8286 | r.lockwooduscr@gmail.com
P.O. Box 173496, Tampa, Florida 33672

1          (Call to Order of the Court at 2:57 p.m.)
2              THE COURT:  Hi, everybody.  Hope you can hear me
3    okay.  Raise your hand if you can.  We got a thumbs-up and a
4    wave.  All right.  Happy new year.
5              This is Case Number 20-CR-402.
6              Please introduce yourselves, starting with the
7    prosecutor.
8              MS. THELWELL:  Good afternoon, Your Honor.  Lisa
9    Thelwell on behalf of the United States.
10             MR. BIEBER:  Good afternoon, Your Honor.  Brian
11   Bieber on behalf of Mr. Buonocore.
12             Also present, you'll see on the screen, Alek Ubieta.
13   That is my law clerk.  I'm located in Weston, Florida right
14   now, Your Honor.  Mr. Ubieta is in our GrayRobinson office in
15   Miami.  And I am, as well as Mr. Ubieta, not recording this
16   matter, and there is no one else in the room with me.
17             For record purposes, my associate, Austin Krtausch,
18   may be present in the room with Mr. Ubieta.
19             THE COURT:  Okay.  Sounds good.
20             I took a look at this, and I think -- I think the
21   defendant has got a point here on --
22             MS. THELWELL:  Your Honor, I apologize.  Is this
23   being recorded?  It usually is, but I didn't see the --
24             THE COURT:  Not by me.  I don't record anything.
25             THE COURTROOM DEPUTY:  We have a court reporter.

                     UNITED STATES DISTRICT COURT

1          MS. THELWELL:  Oh, okay.  Thank you.

2          THE COURT:  In any event, looks to me like the
3  defense has a point, procedural point, I guess, technical
4  point, however you want to think of it, and we're supposed to
5  do a resentencing.  I think there's a good chance that's what
6  would happen as a result of this appeal.  Maybe not.  Maybe
7  they'd look at it differently.

8          But at least there's a -- something to talk about
9  here, and it can all be avoided by doing a resentencing.  I
10 don't think it has to be an elaborate resentencing.  I don't
11 think that's what the defendant is asking for.  But I can't
12 grant this and do it, because now that it's on appeal, there's
13 no jurisdiction for me to do anything.

14         So there's a way around that to file something with
15 the Eleventh Circuit to, you know, relinquish jurisdiction or
16 something.  So I'm sure -- I'm sure some of the appellate
17 brain-trust people can chime in on that, what they think should
18 happen.  But those are my thoughts on it.

19         What do you-all think, starting with, I guess, the
20 prosecutor?

21         MS. THELWELL:  Your Honor, I had spoken with the
22 chief of our appellate division prior to Mr. Bieber filing the
23 notice of appeal.  Mr. Bieber and I had spoken about the issue.
24 We agreed that, you know, what happened at the sentencing
25 hearing was incorrect, as it relates to the fact that we had

1    this plea agreement that I was bound by.
2             But in speaking with the chief of our appellate
3    division, juris -- procedurally, the only way that he saw that
4    this could be resolved is through the appellate process,
5    because there is no -- the Court had already sentenced him.
6    Mr. Buonocore lost jurisdiction.  There is no Rule 35 here.  It
7    is not a technical or scrivener's error.  Essentially, the
8    government's position is that it does need to go through the
9    appellate process and be sent back down on remand for
10   resentencing.
11            THE COURT:  Does that mean that the government is
12   going to concede error on the appeal?
13            MS. THELWELL:  I anticipate.
14            THE COURT:  Oh, okay.
15            MS. THELWELL:  Based on that limited issue.
16            THE COURT:  I guess, but --
17            MS. THELWELL:  I don't know what other issues may be
18   raised on appeal, but based on that limited issue, I would
19   anticipate the concession.
20            THE COURT: Right.  Okay.  Well, I'm not an appellate
21   expert, but I'm a pragmatist, and I'm a pragmatic expert, and I
22   like to get things done the most direct way possible.  So what
23   is the -- what is the defense's position on that?
24            MR. BIEBER:  I agree with Your Honor.  I think the
25   pragmatic, common-sense approach is the way to go, Your Honor.

1                THE COURT:  Well, do you have an appellate solution,
2    though?  I mean, I don't want to hold a hearing -- I mean, that
3    would -- that just creates more mess, because then we have --
4    we have the United States objecting, saying I don't have the
5    jurisdiction to do a hearing that they're going to concede
6    error on in their appeal that we're going to be told to do
7    later.  And who knows what -- I mean, we're just maybe adding
8    more complication to it.  But do you have a solution?
9                MR. BIEBER:  Well, I -- I mean, my initial reaction
10   was under Puckett, Judge, the United States Supreme Court case
11   that we had cited, 556 U.S. 129, the Court had said that if the
12   prosecution simply forgot its commitment to the plea agreement,
13   which is what happened here -- I cast no aspersions on
14   Ms. Thelwell.  It was a mistake.  And it does say that the
15   Court can avoid the delay and expense of a full appeal and
16   order a resentencing, so --
17               THE COURT:  Yeah.
18               MR. BIEBER:  -- that's that pragmatic approach.  I
19   had to file -- and, you know, I contacted Ms. Thelwell on the
20   16th of December, and we discussed the issue, and she was quite
21   candid and always has been, but our deadline to file, you know,
22   jurisdictionally, the appeal was the 20th.  That's why we had
23   filed it, so --
24               THE COURT:  Do you have any --
25               MR. BIEBER:  Excuse me, Your Honor.  Under Rule 35,

1  though, I believe -- not I believe -- this Court, Your Honor,
2  is not divested of jurisdiction.
3          THE COURT:  I'll be honest with you.  I'm not an
4  appellate expert, and I really don't feel like --
5          MR. BIEBER:  It's in the rule, Judge.
6          THE COURT:  -- spending a bunch of time, you know,
7  trying to figure all that out.  I really think that we ought to
8  be able to do this a little differently.  That's why I wanted
9  to get everybody on the phone.  Who's the -- is it David
10 Rhodes, is what who you're talking about?
11         MS. THELWELL:  Yes, Your Honor.
12         THE COURT:  Is Karen going back to appellate?  What's
13 her new job?
14         MS. THELWELL:  No.  She's on a detail.  She's not
15 associated with the Middle District right now.  She's on a
16 detail with Main Justice.
17         THE COURT:  All right.  Because she was an appellate
18 person also before she became the whatever her last title was.
19         You know, David Rhodes has been around a very long
20 time, probably somewhere north of 30 years.  I'm sure he's
21 technically correct.  But this is just the way appellate people
22 are.  They tend to be very, very technical and not as pragmatic
23 as, in my opinion, they ought to be.
24         So I'll see if I can -- if I can figure something
25 out, just to, you know, speed this along.  Because, see, at the

1    end of the day, really, it's people that are involved in this.
2    We are lawyers doing technical things, and it doesn't matter to
3    us.  We're here anyway.
4            But you've got, you know, Mr. Buonocore wondering
5    what's his life going to look like going forward.  You've got
6    his family that probably care about it.  You got the victims
7    wondering, hey, are we going to have to go into court and
8    replay that whole event -- I'll use that word -- that we did.
9    And a lot of people's lives are, frankly, unnecessarily
10   disrupted over these types of technicalities.
11           So I guess I'll work on this on my end a little bit.
12   And the defense's suggestion is just that I notice a hearing on
13   a resentencing, pursuant to this Puckett case, and hold a
14   hearing over the United States' objection and go from there?
15   Is that what you're saying I should do, or what's -- what are
16   you suggesting?
17           MR. BIEBER:  Yes.  I am suggesting that from the
18   pragmatic approach.  Your other alternative under the case law
19   is to order a resentencing before a different judge.
20           THE COURT:  Yeah.  Okay.  All right.
21           MR. BIEBER:  And our request, as we set forth, I
22   think we didn't -- you know, our request is set forth as you
23   correctly -- I shouldn't say as you correctly observed -- as we
24   put forth in our supplement that it's, you know, plain error,
25   what occurred at sentencing.

1                THE COURT:  Yeah.  Okay.  Anybody have anything else
2    they want to say on this?
3                MS. THELWELL:  No, Your Honor.
4                But may I ask, do you have an anticipated time line
5    as to when you may make a decision?
6                THE COURT:  Probably by the end of the day on
7    Thursday maybe.  I mean, that's what I'm thinking.  I have
8    something in mind that I'm going to do on this pragmatically
9    over the next day or so.  And if my anticipated pragmatic
10   solution doesn't get us any further, then it doesn't get us any
11   further, but I want to try.  So that's all I can really say at
12   this point, but --
13               MR. BIEBER:  Thank you, Your Honor.
14               THE COURT:  -- we'll go from there.  All right.
15   Appreciate everyone's time.  Thank you.  And look for something
16   from me on this relatively soon.
17               MR. BIEBER:  Thank you, Judge.
18               MS. THELWELL:  Thank you.
19               THE COURT:  Take care.
20         (Proceedings adjourned at 3:07 p.m.)
21
22
23
24
25

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

    IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 2nd day of February 2022.

_____
REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida