UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 8:20-cr-402-SDM-JSS

CHRISTOPHER BUONOCORE
                                         /

### REPORT AND RECOMMENDATION

Defendant Christopher Buonocore moves for permission to appeal in forma pauperis and submits an affidavit in support of his Motion. (Motion, Dkt. 102.) Upon consideration, the undersigned recommends that the Motion be denied without prejudice.

### BACKGROUND

Defendant pleaded guilty to six counts of cyberstalking in violation of 18 U.S.C. §§ 2261(b), 2261A(2)(B). (Dkt. 5.) Pursuant to the written plea agreement, the United States agreed to "recommend to the Court that the [D]efendant be sentenced within the [D]efendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines[.]" (*Id.* at 4.) Prior to his initial sentencing, the United States Probation Office calculated Defendant's guidelines imprisonment range as 108 months to 135 months, based on a total offense level of 31 and a criminal history category of I. (Dkts. 40, 41.) At his initial sentencing on November 18, 2021, the court sustained Defendant's objection to the probation office's calculated guidelines range and calculated the applicable guidelines imprisonment range as 51

months to 63 months. (Dkt. 45.) Nevertheless, the United States recommended a sentence of 135 months' imprisonment, which was within the guidelines range calculated by the probation office. (Dkt. 56 at 105.) The court sentenced Defendant to 180 months' imprisonment, three years' supervised release, a $600 special assessment, and $164,295.01 in restitution. (Dkt. 44.) Defendant appealed. (Dkt. 48.)

On appeal, the United States acknowledged that it had breached Defendant's plea agreement by recommending a sentence above the guidelines range calculated by the court. (Dkt. 69 at 2.) The Eleventh Circuit granted Defendant's motion for summary reversal, vacated his sentence, and remanded the case back to the district court for resentencing before a different district judge. (*Id.* at 4–6; Dkt. 70.)

Defendant was resentenced before a different district judge on May 16, 2023. At his resentencing hearing, the court did not sustain Defendant's objection to the sentencing guideline range calculated by the probation office and calculated Defendant's applicable sentencing guidelines range as 108 months to 135 months of imprisonment. *See* (Dkt. 96.) Defendant was again sentenced to 180 months' imprisonment, three years' supervised release, a $600 special assessment, and $164,295.01 in restitution. (Dkt. 95.) The court found that imposition of a sentence above the guidelines range was necessary due to the nature and circumstances of the offense, including victim impact and general aggravating factors. (Dkt. 96 at 3.) Specifically, the court found that Defendant's "criminal conduct was protracted, deviously planned, and sadistically executed, as well as egregiously and permanently injurious to several young women, including a 14-year-old, each entirely innocent and

vulnerable." (*Id.*) The court further found that an upward variance was necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense in accordance with 18 U.S.C. § 3553(a)(2)(A). (*Id.*)

Defendant appealed his sentence again. (Dkt. 97.) In the Motion, Defendant seeks leave to proceed in forma pauperis in his second appeal. (Dkt. 102.)

## APPLICABLE STANDARDS

Pursuant to Federal Rule of Appellate Procedure 24, a party may seek leave to appeal in forma pauperis through a motion filed in the district court. Fed. R. App. P. 24(a)(1). The party's motion must include an affidavit showing the basis for the party's inability to pay or give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal. *Id.* In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See United States v. Jones*, No. 8:02-cr-122-T-24EAJ, 2018 WL 3323167, at *1 (M.D. Fla. Feb. 27, 2018) ("Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern[] the determination of applications to proceed *in forma pauperis* on appeal.") (citation omitted).

A district court's determination of good faith requires "an inquiry into the appeal's merits." *United States v. Catalano*, No. 8:04-cr-348-T-24TGW, 2010 WL 11519651, at *1 (M.D. Fla. Mar. 1, 2010) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). In the context of section 1915, "good faith" is judged by an

objective standard and is shown when a plaintiff "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021). Thus, an appeal is taken in good faith if it presents a legal issue that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Anders v. California*, 386 U.S. 738 (1967)). If a district court denies a motion to appeal in forma pauperis, it must state its reasons in writing. Fed. R. App. P. 24(a)(2).

## ANALYSIS

Upon consideration, the undersigned finds that although Defendant has satisfied the court that he is indigent, his proffered bases for appeal are frivolous and without arguable merit. *See Napier*, 314 F.3d at 531. As his bases for appeal, Defendant states only that "the sentence imposed was both procedurally and substantively unreasonable." (Dkt. 102 at 1.) His Notice of Appeal to the Eleventh Circuit provides no other grounds for appeal. *See* (Dkt. 97.) In conducting an independent review of the docket and sentence imposed, Defendant's appeal is not taken in good faith. On remand, the district court followed the Eleventh Circuit's mandate, and Defendant was resentenced before a different district judge. *See, e.g.*, (Dkts. 69, 70, 95, 96.) At his resentencing, the court calculated Defendant's applicable guidelines range and provided reasoned bases for its decision to impose an upward

4

variance. (Dkts. 95, 96); *see United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006) ("After *United States v. Booker*, 543 U.S. 220, [] (2005), the U.S. Sentencing Guidelines are no longer mandatory [but] district courts must continue to consult the provisions of the Sentencing Guidelines and to consider them in sentencing."). Defendant has not explained why he contends his sentence was unreasonable. Additionally, the sentence he received is within the statutory maximum punishment Defendant faced for pleading guilty to the charged offenses. *See* 18 U.S.C. § 2261(b)(5); *United States v. McDavid*, 368 F. App'x 61, 63 (11th Cir. 2010) ("We have recognized that the fact that a sentence is below the statutory maximum sentence is an indication of its substantive reasonableness.") (citing *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006)).

Accordingly, the undersigned finds that Defendant has failed to provide any arguably meritorious bases for his appeal and his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see, e.g.*, *Jones*, 2018 WL 3323167, at *2 ("Upon review, the Court finds that the issue Defendant seeks to appeal . . . has no merit and therefore is not taken in good faith."); *United States v. Griffin*, No. 8:20-cr-343-SCB-MRM, 2022 WL 3701585, at *3 (M.D. Fla. Aug. 10, 2022) (recommending denial of motion to appeal in forma pauperis where "Defendant has not articulated a plausibly meritorious basis for doing so [and] upon independent review, the Undersigned finds the sentence to be within the maximum sentence for the crime of conviction"), *report and recommendation adopted,* 2022 WL 3700838 (M.D. Fla. Aug. 26, 2022); *United States v. Carvajal*, No. 8:08-cr-458-T-33TBM, 2017 WL 8639775, at *2 (M.D. Fla. Sept. 6, 2017) ("Construed

liberally, any basis for appeal appears frivolous and thus the appeal is not brought in good faith."), *report and recommendation adopted,* 2017 WL 8481741 (M.D. Fla. Sept. 28, 2017).

The undersigned notes that Defendant's Motion was filed pro se after his counsel withdrew and before the Office of the Federal Defender appeared on Defendant's behalf for purposes of appeal. *See* (Dkts. 101, 102, 103.) In light of his pro se status at the time of filing and the subsequent appearance of counsel on his behalf, the undersigned recommends that Defendant's Motion be denied without prejudice. *See, e.g.*, *Griffin*, 2022 WL 3701585, at *3 ("[G]iven Defendant's *pro se* status and because he has otherwise satisfied the first requirement to proceed on appeal *in forma pauperis*, the Undersigned recommends that Defendant be given another opportunity to show that his appeal is taken in good faith.").

Accordingly, it is **RECOMMENDED** that Defendant's Motion for Permission to Appeal In Forma Pauperis (Dkt. 102) be **DENIED without prejudice**.

**IT IS SO REPORTED** in Tampa, Florida, on June 23, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record